# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

JAMES DAVID OLD,               )
                                      )
            Plaintiff,    )
                                      )
v.                             )   Case No. CIV-15-481-SPS
                                      )
NANCY A. BERRYHILL,            )
Acting Commissioner of the Social )
Security Administration,[1]    )
                                      )
            Defendant.    )

## OPINION AND ORDER

The claimant James David Old requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born April 4, 1965, and was forty-nine years old at the time of the administrative hearing (Tr. 40, 186). He completed three years of college, and has worked as a correctional officer, instructor, recruiter, and maintenance supervisor of firefighter equipment (Tr. 33). The claimant alleges he has been unable to work since February 28, 2013, due to arthritis in his back, knees, hips, and shoulder; high blood pressure; post-traumatic stress disorder (PTSD); being a carrier of Hepatitis C; asthma; and sleep apnea (Tr. 213).

## Procedural History

On May 17, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. His application was denied. ALJ James Bentley held an administrative hearing and found that the claimant was not disabled in a written opinion dated April 24, 2015 (Tr. 22-35). The Appeals Council denied review, so the ALJ's opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b), *i. e.*, except that he required a sit/stand option defined as a

3

temporary change in position from sitting to standing and vice versa with no more than one change in position every twenty minutes and without leaving the work station so as not to diminish pace or productions. Additionally, the ALJ determined that the claimant could only perform occasional climbing of ramps and stairs, stooping, kneeling, crouching, and crawling; as well as frequent but not constant handling and fingering bilaterally; and that he was to avoid unprotected heights and dangerous moving machinery, as well as exposure to concentrated dust, fumes, and poorly ventilated areas. Finally, the ALJ stated that the claimant could perform simple tasks with routine supervision, and that he could interact with others on a superficial basis (Tr. 27). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *e. g.*, document preparer, touch-up screener, and semi-conductor bonder (Tr. 33-34).

## Review

The claimant argues that the ALJ erred: (i) by failing to properly account for his Veterans Affairs (VA) disability rating, and (ii) that evidence submitted to the Appeals Council undermines the ALJ's determination. The Court agrees with the claimant's contentions, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings.

The ALJ determined that the claimant had the severe impairments of degenerative disc disease of the lumbar spine, arthritis of the knee and shoulders, sleep apnea, Hepatitis C, carpal tunnel syndrome, major depressive disorder, PTSD, and recently reported episodes of syncope of unknown etiology (Tr. 24). The relevant medical

4

evidence reveals that the claimant received most of his treatment through Department of Veterans Affairs (VA) facilities, but he was also treated at the Warren Clinic. With regard to his treatment at the VA, the claimant was given upon discharge a 100% service-connected disability rating based on limited motion of the arm (20%), limited extension of thigh (10%), limited flexion of knee (10%), degenerative arthritis of the spine (10%), PTSD (30%), hemorrhoids (20%), migraine headaches (30%), sleep apnea syndrome (50%), tinnitus (10%), limited extension of thigh (10%), limited flexion of knee (10%), knee condition (10%), hiatal hernia (10%), and sinusitis, maxillary, chronic (10%), as well as the additional impairments of scars, paralysis of superficial peroneal nerve, hypertensive vascular disease, residuals of foot injury, deformity of the penis, allergic or vasomotor rhinitis, and residuals of foot injury that were rated at 0% (Tr. 873-874).

Evidence submitted to the Appeals Council included the VA's Rating Decision issued May 21, 2013 (Tr. 933-955). The Rating Decision set forth the percentage of service-connected disability for each impairment, as well as the reasons for these ratings and the evidence relied upon in reaching this decision (Tr. 950-951).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as the medical evidence in the record. As to the claimant's disability rating, the ALJ recited the percentage limitations, then gave this opinion diminished weight, stating that a decision by another agency is not binding on the Social Security Administration (Tr. 31-32). He also gave little weight to the claimant's wife's Third Party Function Report, made no analysis of the mental consultative examination in the record, and assigned diminished weight to the opinions from the state reviewing physicians, stating that "more

5

recently submitted evidence tends to suggest claimant is more limited, both physically and mentally," without specifying how (Tr. 30-31).

The Court agrees with the claimant that the ALJ's treatment of the claimant's disability rating was deficient. The ALJ simply stated that the finding of disability went to an issue reserved to the Commissioner but did not explain why it was not persuasive. *Baca v. Department of Health & Human Services*, 5 F.3d 476, 480 (10th Cir. 1993) ("'Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered.'"), *quoting Fowler v. Califano*, 596 F.2d 600, 603 (3d Cir. 1979). *See also Kanelakos v. Astrue*, 249 Fed. Appx. 6, 8 (10th Cir. 2007) ("[T]he ALJ mentioned the VA rating and appropriately stated that the SSA and VA standards differ. But he completely 'fail[ed] to discuss the significance of the VA's disability evaluation.'") [unpublished opinion], *quoting Grogan v. Barnhart*, 399 F.3d 1257, 1262-1263 (10th Cir. 2005) ("Although another agency's determination of disability is not binding on the Social Security Administration, 20 C.F.R. § 416.904, it is evidence that the ALJ must consider and explain why he did not find it persuasive."), *citing Baca*, 5 F.3d at 480. An ALJ is not required to give controlling weight to the disability ratings by the VA, *see, e. g.,* 20 C.F.R. § 404.1527(d)(1) ("We are responsible for making the determination or decision about whether you meet the statutory definition of disability . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."), but he *is* required to determine the proper weight to give such findings by applying the factors in 20 C.F.R. §§ 404.1527, 416.927. This is particularly important where, as here, the claimant largely received

treatment at the VA, and the VA disability rating considered the claimant's impairments both singly *and* in combination. Furthermore, while the ALJ noted a compensation and pension exam related to the claimant's PTSD, he ignored functional evaluations related to the claimant's physical impairments (Tr. 287-362), which is important to consider in light of the ALJ's rejection of nearly every other opinion in the record and their use as functioning evaluations from the claimant's treating facility.

The claimant's contention that the ALJ failed to properly evaluate all the medical evidence, including his VA disability rating, is also bolstered by evidence submitted to the Appeals Council after the hearing, which included additional treatment records and the actual rating decision from the VA. The Appeals Council was required to consider this evidence if it is: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision." *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995). The Appeals Council *did* consider this evidence (Tr. 2), and the Court therefore has no difficulty concluding that it does qualify.

Evidence is new if it "is not duplicative or cumulative." *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). These additional records were clearly new evidence. Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Threet*, 353 F.3d at 1191. *See also Lawson v. Chater*, 1996 WL 195124, at *2 (10th Cir. April

7

23, 1996). In finding the claimant could perform a limited range of light work, the ALJ relied, at least in part, on his own finding that the claimant's medical conditions had not worsened prior to his retirement from the army. But the evidence submitted provides more insight into the claimant's disability rating, as well as the progression of his syncope and other impairments that persisted even after medications. *See Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that other source opinions should be evaluated with the relevant evidence "on key issues such as impairment severity and functional effects" under the factors in 20 C.F.R. §§ 404.1527, 416.927), *quoting* Soc. Sec. Rul. 06-03p, 2006 WL 2329939 at *1. This evidence suggests the claimant has impairments discounted or completely unaccounted for in his RFC, and it is therefore clearly material.

Finally, the evidence is chronologically relevant because at least a portion of it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it, so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence because the ALJ had no opportunity to perform a proper analysis of the newly-submitted evidence in accordance

8

with the authorities cited above, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings. On remand, the ALJ should re-assess the claimant's RFC in light of the new evidence, and then re-determine the work he can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 22nd day of March, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**